1  FARHAD NOVIAN (State Bar No. 118129)
   farhad@novianlaw.com
2  SHARON RAMINFARD (State Bar No. 278548)
   sharon@novianlaw.com
3  NOVIAN & NOVIAN LLP
   1801 Century Park East, Suite 1201
4  Los Angeles, California 90067
   Telephone:  (310) 553-1222
5  Facsimile (310) 553-0222

6
   Attorney for Plaintiff,
7  L.A. T-SHIRT & PRINT, INC.

8

9              UNITED STATES DISTRICT COURT

10         FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12  L.A. T-SHIRT & PRINT, INC., a          Case No.:  2:18−cv−9984 DSF (JCx)
    California corporation dba RIOT
13  SOCIETY                                **FIRST AMENDED COMPLAINT
                                           FOR:**
14
                Plaintiff,
15                                         1. **Copyright infringement;**
         v.                                2. **Vicarious and/or Contributory
16                                            Copyright Infringement**
17  FASHION NOVA, INC., a California
    corporation; and DOES 1 through 10,    **<u>JURY TRIAL DEMANDED</u>**
18  inclusive,
19
                Defendants.
20

21

22

23

24

25

26

27

28

Plaintiff, L.A. T-SHIRT & PRINT, INC. dba RIOT SOCIETY ("Plaintiff"), by and through its undersigned counsel, complaining of the defendants FASHION NOVA, INC., a California corporation; and DOES 1 through 10, inclusive (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff creates and obtains rights to unique two-dimensional non-functional artworks which are transacted primarily in and through the apparel industry.  Plaintiff owns these designs in exclusivity and exploits these designs for profit by selling products bearing the designs or entering into licensing agreements for sale or display by third parties. Defendants have knowingly and intentionally used one such design in the production of unauthorized goods which infringe Plaintiff's copyrights.

## JURISDICTION AND VENUE

2.      The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

3.      This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortuous acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the defendants can be found in this judicial district.

4.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred the tortuous acts occurred, and a substantial part of the injury took place and continues to take place; and (b) this is a judicial district in which Defendants may be found.

///

///

## THE PARTIES

5.     Plaintiff L.A. T-SHIRT & PRINT, INC. ("Plaintiff") is a California corporation doing business as RIOT SOCIETY with its principal place of business in the County of Los Angeles, State of California.

6.     Upon information and belief, defendant FASHION NOVA, INC. ("Fashion Nova") is, and at all times relevant was, a California corporation doing business within the jurisdiction of this Court.

7.     Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff.  Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more fully alleged herein.  Accordingly, Plaintiff sues said defendants by said fictitious names.  At such time as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

## PLAINTIFF'S COPYRIGHTS

8.     Plaintiff owns, and had owned prior to the infringing acts complained of herein, a copyright in the original two-dimensional textile design it has internally designated as "PANDA ROSE" (the "Design"):

///

///

///

9. On November 27, 2018, the United States Copyright Office accepted an application for copyright registration of the Design, which application has been assigned Case Number 1-7174269191 by the Copyright Office.

10. Plaintiff is in the garment industry and regularly sells garments bearing its designs. Plaintiff also regularly sells, licenses, or otherwise exploits its artwork to art galleries, manufacturers, retailers, and other third parties.

11. The Design is Plaintiff's best seller and is, and has long been, offered and advertised for sale by Plaintiff on numerous outlets including but not limited to, Plaintiff's website and social media pages as well as those of authorized third party retailers.

**DEFENDANTS' INFRINGING CONDUCT**

12. In or around October 2018, Plaintiff discovered that Defendant Fashion Nova was selling garments that bear designs that are identical or substantially similar to Plaintiff's Design ("Infringing Garments").

13. Shortly thereafter, Plaintiff sent a letter to Fashion Nova putting it on notice of the Infringing Garments and demanding that Fashion Nova stop engaging in such infringing conduct. Plaintiff did not receive any response to its letter to

First Amended Complaint

Fashion Nova.

14.     On or about October 22, 2018 and again on November 7, 2018, Plaintiff, through its counsel, addressed a letter to Defendant Fashion Nova informing it of the Infringing Garments.  Plaintiff demanded, among other things, that Fashion Nova immediately cease and desist from using, copying, reproducing, distributing, displaying, ordering, purchasing, manufacturing, offering for sale or advertising the Design in any way.  Plaintiff also demanded that Fashion Nova provide a written accounting of each use of the Design, provide the contact information for the manufacturers, stores, websites, and companies used by Fashion Nova in relation with the Design, and provide copies of all sales receipts, invoices, customer records, accounting records, and inventories of and relating to the Design.

15.     To date, Plaintiff's counsel has not received any response to its letters to Fashion Nova and has not received the information or documents requested in such letters.

16.     Upon information and belief, Defendants have misappropriated and continue to misappropriate the Design, and are selling Infringing Garments throughout the United States, including but not limited to within this judicial district.

17.     Upon information and belief, Defendants are, without Plaintiff's authorization, unlawfully reproducing, importing, distributing and/or selling Infringing Garments in this judicial district that feature a design that is identical, or substantially similar to, the Design.

18.     Upon information and belief, Defendants' infringing use of the Design is not limited to the Infringing Garments described above, and other garments Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold may infringe Plaintiff's copyright in the Design.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants)

19.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 18, inclusive, of this Complaint, as if fully set forth herein at length.

20.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Design and by producing, distributing and/or selling Infringing Garments.

21.     Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

22.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

23.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Design in an amount to be established at trial.

24.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Garments.

25.     Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Design. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per

infringement.  Further, Defendants', and each of their willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement
### - Against All Defendants)

26.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 25, inclusive.

27.    Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Garments featuring the Design as alleged hereinabove.

28.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringements alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

29.    By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

30.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly

attributable to Defendants' infringement of the Design, in an amount to be established at trial.

31.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Garments.

32.     Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Design. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.   Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages. Plaintiff is also entitled to preliminary and permanent injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against Defendants, jointly and severally, with respect to each claim for relief:

a.     That Defendants, their agents and servants be enjoined from selling Infringing Garments, or otherwise infringing Plaintiff's copyright in the Design;

b.     That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c.     That Plaintiff be awarded his attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

d.   Directing such other relief as the Court may deem appropriate to prevent the Defendants from participating in this or other copyright infringements; and

e.   Such other relief as the Court may deem appropriate.

Dated:  December 7, 2018                    **NOVIAN & NOVIAN, LLP**

                                        By:  ___/s/ Farhad Novian_____
                                             FARHAD NOVIAN
                                             SHARON RAMINFARD

                                             Attorneys for Plaintiff
                                             L.A. T-SHIRT & PRINT, INC.