UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. T-SHIRT & PRINT, INC., Plaintiff, v. FASHION NOVA, INC., Defendant. | CV 18-9984 DSF (JCx) Order GRANTING IN PART and DENYING IN PART Motion for Summary Judgment (Dkt. No. 28) |

Defendant Fashion Nova, Inc. moves for summary judgment against Plaintiff L.A. T-Shirt & Print, Inc. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

The initial question is whether Plaintiff registered its copyright in a timely fashion or if the case should be dismissed under Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881 (2019). Fourth Estate requires that the Copyright Office issue a copyright registration prior to suit. Ninth Circuit law at the time this case was filed only required an application for copyright to have been filed when the suit was filed. This case was filed after application for a copyright, but before a copyright was granted. It is not clear how cases that had been filed under the old rule prior to Fourth Estate should be treated. The Court finds that there is no reason to apply Fourth Estate retroactively here. Retroactive application would be unfairly prejudicial to Plaintiff, would be an inefficient use of judicial resources, and would accomplish no valid

purpose. It is uncontroverted that Plaintiff now has a registered copyright on the design at issue. Assuming that there is no statute of limitations issue, Plaintiff could refile the case immediately if the case were dismissed. If there is a limitations issue, Defendant would gain an unfair windfall through the application of a rule different from the one that applied when the case was filed and that there was no particular reason for Plaintiff to have anticipated.

Contrary to Defendant's assertion, a failure to dismiss the case would not render <u>Fourth Estate</u> pointless. <u>Fourth Estate</u> clearly applies in any case filed after <u>Fourth Estate</u> was issued. The only question is how to treat cases that had already been filed under circuit rules that were not consistent with <u>Fourth Estate</u>.

The case involves a design with a forward facing drawn panda with a rose in its mouth, Chinese script above the panda, and English script below. Both Plaintiff's and Defendant's designs include these basic elements and are at least somewhat similar. Defendant argues that there are not enough similarities between the two designs once unprotectable elements are removed from consideration. But even if many elements are not protectable appearing alone, a particular combination of elements may be protectable.

There are many ways to depict a panda and there are even many ways to depict a panda with a rose in its mouth. Here, Plaintiff made choices to depict the panda in a certain drawn style, facing forward with only the head visible, with a rose in its mouth with the petal to the right side of the design. The panda is further combined with Chinese script above and English below. None of these choices is necessary to the depiction of a panda. If

the copyrighted design is protectable, the Court cannot say as a matter of law that the designs are not similar enough that a jury could find infringement. All of the elements just listed are replicated in Defendant's design. There are differences between the designs, but whether these are enough to make the designs not "substantially similar" is a question for the jury.

Defendant also argues that it has found a "substantially similar, if not identical" third-party image of a panda with a rose in its mouth dating from 2011 – before Plaintiff's design was created. But Defendant fails to provide adequate testimony to establish that the third-party design dates from 2011.[1] Defendant also ignores potentially substantial differences between the third-party design and Plaintiff's design, most notably that the third-party design either uses an altered photo of an actual panda or a highly photorealistic image of a panda instead of the stylized drawn panda style used by both Plaintiff's and Defendant's designs.

However, the motion is granted with respect to statutory damages and attorney's fees. Statutory damages are available only if the infringement began either prior to registration or if registration is made within three months after first publication of the work. 17 U.S.C. § 412(2); Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 699-700 (9th Cir. 2008). There is no dispute that infringement began prior to registration and registration was not made within three months of first publication.

---

[1] The only evidence on this point is an attorney declaration that states that the attorney "confirmed that the Third-Party Design was published at least as early as 2011 by using the Wayback Machine Internet Archive at https://archive.org/web/." Khalifeh Decl. ¶ 5. Neither an explanation of how the attorney "confirmed" this or images from the Wayback Machine are provided.

The motion for summary judgment is GRANTED with respect to statutory damages and attorney's fees.  It is DENIED in all other respects.

    IT IS SO ORDERED.

Date: August 26, 2019           _____
                                                 Dale S. Fischer
                                                 United States District Judge